**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:24-cv-24084- ALTONAGA/Reid**

**ECOM AUTHORITY, LLC,**

    *Plaintiff,*

v.

**AMAZON.COM SERVICES LLC,**

    *Defendant.*
_____/

**AMAZON.COM SERVICES LLC'S REPLY IN SUPPORT OF THE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## I.  INTRODUCTION

Plaintiff Ecom Authority, LLC's ("Ecom's") Response confirms it cannot identify any relevant contractual duties that Amazon owed to Ecom and allegedly breached. Instead, Ecom asserts that Amazon was prohibited from enforcing its seller policies against selling accounts with which Ecom was associated (including by blocking accounts for fraudulent conduct), because Amazon permitted Ecom to list its services in a network of service providers. But the plain terms of the agreements Ecom invokes—the SPNA and BSA—do not impose the duties Ecom alleges and do not give Ecom the rights it claims. Ecom's claims thus fail as a matter of law.

## II.  ARGUMENT

### A.  Ecom Cannot Save Its SPNA Breach of Contract Claim.

Ecom continues to fail to identify any obligations under the SPNA that Amazon purportedly breached, or any facts supporting such alleged breaches.

*First*, Ecom fails to identify any breached contract duty, which "dooms [its] breach of contract claim." *Haywood v. Amazon.com, Inc.*, 2023 WL 4585362, at *4 (W.D. Wash. July 18, 2023). Ecom points to the introductory paragraph and Section 9 of the SPNA as the provisions that Amazon purportedly breached. Resp. at 3-4, 6; ECF No. 25-1, Ex. B ("SPNA") §§ 3, 9. But Ecom does not articulate any duty those provisions impose on Amazon, or how Amazon purportedly breached any such duty. Nor could it. The SPNA's introduction simply defines the SPN directory service, SPNA at 1; it does not provide any rights to Ecom or impose any duties on Amazon. *Block v. eBay, Inc.*, 747 F.3d 1135, 1138-40 (9th Cir. 2014) (descriptive statements of eBay auction did not create contract duties because they did not contain promissory language). Similarly, Section 9 of the SPNA grants Ecom a revocable license to use Amazon's logo on Ecom's promotional materials, but does not impose any duties on Amazon. SPNA § 9. Amazon cannot be liable for breach of provisions that impose no duty on Amazon. "Without a duty there is no breach," and thus Ecom's claim based on these provisions fails. *BP W. Coast Prods. LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1121 (W.D. Wash. 2013) (rejecting contract claim).

Ecom's Response also cites Section 3 of the SPNA, though the Complaint alleges no breach of this provision. Section 3 grants Amazon a royalty free license to use Ecom's materials if it chooses to promote Ecom's services, and if it does so, Amazon "will not modify your trademarks or logos from the form provided by you except to resize them as necessary for presentation." SPNA § 3. Contrary to Ecom's false assertion, Section 3 does not "obligate[]" Amazon to "promote" Ecom in any way. Resp. at 6. Ecom does not and cannot allege that Amazon improperly modified its trademarks or logos, so Ecom cannot allege a claim for breach of Section 3 of the SPNA.

Because the provisions Ecom identifies do not impose any relevant contract duties on Amazon, and because Ecom fails to articulate any contract duty that Amazon purportedly breached, Ecom's contract claim must be dismissed. *See, e.g.*, *Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 58 F. Supp. 3d 1166, 1171-73 (W.D. Wash. 2014) (dismissing contract claim where plaintiff "fails to identify which section of the BSA is at issue and allegedly breached").

*Second*, the facts Ecom alleges do not support a claim that Amazon breached any other provision of the SPNA. For example, Ecom argues that Amazon breached the SPNA by labeling Ecom "sourced products as unauthentic or counterfeit" and deactivating a number of third-party seller accounts for selling the potentially fraudulent products. Resp. at 4-5 (citing Compl. ¶¶ 57-58). Even accepting as true Ecom's allegations that Amazon took these enforcement actions against seller accounts, Ecom fails to identify any provision of the SPNA barring such conduct. That is because no such provision exists. *See Muniz v. Microsoft Corp.*, 2010 WL 4482107, at *3 (W.D. Wash. Oct. 29, 2010) ("[A] contract cannot be breached if [it] does not include the term in question.").

Ecom also alleges that, after Amazon deactivated these accounts, "Amazon … wrongfully destroyed or seized [Ecom]'s clients' inventory and property[.]" Resp. at 5 (citing Compl. ¶¶ 18, 22). Again, Ecom cannot point to a SPNA provision that prevents Amazon from disposing of inventory in accordance with its agreements with sellers—because none exists. Instead, Ecom argues that by allegedly deactivating seller accounts and destroying products, Amazon interfered with Ecom's "right to use Amazon's SPN Mark" because Ecom "appear[ed] untrustworthy." Resp.

at 6. But Ecom does not allege that Amazon prevented Ecom from using Amazon's logo—as provided in the SPNA. And the SPNA provides that Ecom's license to use the Amazon logo is *revocable*—meaning the agreement authorizes revocation and defeats any claim for exercising that right. *See Haywood*, 2023 WL 4585362, at *4 ("[A] breach of contract claim is not legally cognizable when based on conduct that the contract permits.").

*Finally*, Ecom argues that by identifying Ecom's products as inauthentic and deactivating certain seller accounts, Amazon somehow "breached the overall purpose of the SPN Agreement," including by failing to "uphold the credibility the Amazon SPN Mark was supposed to provide [Ecom]." Resp. at 6-8. But a contractual duty requires "a manifestation of intention to act or refrain from acting *in a specified way*, so made as to justify a promisee in understanding that a commitment has been made." *Stewart v. Chevron Chem. Co.*, 762 P.2d 1143, 1145 (Wash. 1988) (citing Restatement (Second) of Contracts § 2 (1981)) (rejecting contract claim premised on general statements that do not "constitute promises of specific treatment in specific situations"); *see also Condon v. Condon*, 298 P.3d 86, 92 (Wash. 2013) ("It is the duty of the court to declare the meaning of what is written, and not what was intended to be written. … Courts will also not imply obligations into contracts[.]") (citations omitted). Amazon has no duty to "uphold" Ecom's credibility and Amazon has every right (under its agreements with third-party sellers) to take actions to protect Amazon customers by removing inauthentic products from its store. Ecom cannot manufacture a contract claim without identifying a specific contract duty breached.

**B.     Ecom Cannot Save Its SPNA Good Faith and Fair Dealing Claim.**

Ecom's derivative claim for breach of the implied duty of good faith under the SPNA fails for the same reason its contract claim fails: Ecom cannot identify any contract duty that Amazon purportedly performed in bad faith. The parties agree that under Washington law, "the implied covenant of good faith and fair dealing cannot add or contradict express contract terms and does not impose a free-floating obligation of good faith on the parties." *Rekhter v. Dep't of Soc. & Health Servs.*, 323 P.3d 1036, 1041 (Wash. 2014) (internal quotation marks and citation omitted).

3

"Instead, the duty of good faith and fair dealing arises only in connection with terms agreed to by the parties." *Id.* (citation omitted).

Ecom argues that Amazon breached the duty of good faith by deactivating seller accounts, which allegedly "undermined the value of the Amazon SPN Mark and frustrated [Ecom]'s ability to continue operating as a trusted and vetted SPN member." Resp. at 9-10 (citing Compl. ¶ 65). But nothing in Section 9 of the SPNA, on which Ecom relies, imposes any duty on Amazon to refrain from enforcing its anti-fraud and other seller policies. SPNA § 9. *See also supra* Section II.A. Nor does taking such enforcement action against sellers to protect the integrity of the Amazon store interfere with Ecom's ability to use the Amazon logo on its promotional materials. Because Section 9 of the SPNA does not govern Amazon's seller enforcement actions in any way, Ecom's claim that Amazon breached the duty of good faith by taking such actions fails.

Additionally, though not alleged in the Complaint, Ecom argues that Amazon breached the duty of good faith with respect to Section 3 of the SPNA by identifying Ecom-sourced products as inauthentic, resulting in account deactivations. Resp. at 10 (citing Compl. ¶ 57). But as discussed *supra* Section II.A, Section 3 of the SPNA requires only that Amazon not modify Ecom's logos or trademarks, if Amazon chooses to use them. Section 3 does not impose any other duties on Amazon, let alone an affirmative duty to promote Ecom on the SPN directory service. *See id.* Again, Ecom's claim that Amazon breached the duty of good faith by failing to promote Ecom "as a trusted and verified source for management and product procurement" while taking enforcement action against Amazon.com seller accounts fails because the SPNA imposes no such duty on Amazon. Because Amazon has no such contract duties, "there is nothing that must be performed in good faith." *Johnson v. Yousoofian*, 930 P.2d 921, 925 (Wash. Ct. App. 1996) (rejecting good faith claim because the contract "simply does not impose [the] obligation" alleged by plaintiff).

Ecom's reliance on *Rekhter*, 323 P.3d 1036, does not resuscitate its claim. Ecom cites *Rekhter* to argue that Ecom need not allege that Amazon breached a specific term of the SPNA to sustain its duty of good faith claim. Resp. at 11. But this argument is off point. *Rekhter* confirms that "the implied covenant of good faith and fair dealing cannot add or contradict express contract

4

terms[,] does not impose a free-floating obligation of good faith on the parties[,] … [and] arises only in connection with terms agreed to by the parties." 323 P.3d at 1041 (citing *Johnson*, 930 P.2d at 925), *see also* Mot. at 7-8. In other words, Ecom cannot use the duty of good faith to impose obligations on Amazon that do not otherwise exist in the SPNA.

Ecom also relies on *Rekhter* to argue that Amazon breached the duty of good faith by allegedly exercising its "discretion" in a manner that interfered with Ecom's "ability to operate as a *trusted* service provider" and undermined the purpose of the SPNA. Resp. at 12-13. But *Rekhter* recognizes a duty of good faith in the unique circumstance (not present here) "when one party has discretionary authority to determine *a future contract term*." 323 P.3d at 1041 (emphasis added). There, the Washington Department of Social and Health Services (DSHS) contracted with health providers to provide in-home care under DSHS-dictated patient plans. *Id.* at 1039. The contract provided DSHS the discretion to create patient plans, and the court found that DSHS violated the duty of good faith by creating certain plans that required providers to "perform necessary services *without compensation.*" *Id.* at 1038, 1043 (emphasis added). Here, unlike *Rekhter*, no SPNA provision provides Amazon with such discretion to determine a future contract term. *See PBTM LLC v. Football Nw., LLC*, 2022 WL 670920, at *4 (W.D. Wash. Mar. 7, 2022) (distinguishing *Rekhter*: "Nor did the Seahawks' exercise of the discretion granted by the contract involve the determination of a contract term"). And unlike DSHS's actions in *Rekhter*, Amazon's discretion to enforce its anti-fraud and other seller policies is not governed by the SPNA at all, nor does Amazon's enforcement of these policies impact Ecom's right to use Amazon's logo on its materials.

C.  **Ecom Cannot Save Its Breach of Third-Party Beneficiary Contract Claim.**

Ecom's claim for breach of the BSA fails because it is not a third-party beneficiary of the BSA and Ecom fails to allege any breach of the BSA.

5

### 1.     Ecom Is Not a Third-Party Beneficiary of the BSA.

Ecom's BSA claim fails at the outset because Ecom is not a third-party beneficiary under the terms of the BSA:

> Nothing expressed or mentioned in or implied from this Agreement is intended or will be construed to give to any person other than the parties to this Agreement any legal or equitable right, remedy, or claim under or in respect to this Agreement. This Agreement and all of the representations, warranties, covenants, conditions, and provisions in this Agreement are intended to be and are for the sole and exclusive benefit of Amazon, you, and customers.

ECF No. 25-1, Ex. A ("BSA") § 13. Ecom cannot be a third-party beneficiary of the BSA when the BSA expressly disclaims third-party rights. *See, e.g.*, *Haselwood v. Bremerton Ice Arena, Inc.*, 155 P.3d 952, 961 (Wash. Ct. App. 2007) (affirming dismissal of third-party breach of contract claims "because that agreement expressly disclaimed any third party rights"), *aff'd sub nom.*, 210 P.3d 308 (Wash. 2009); *Mason v. Washington State*, 2017 WL 6026937, at *5 (W.D. Wash. Dec. 5, 2017) (dismissing third-party beneficiary contract claim where contract "specifically disavows any intent to create third-party beneficiary rights").

Ecom does not dispute this disclaimer is valid and binding. It instead argues that the express contract disclaimer does not preclude a third-party beneficiary relationship, citing *Inland Nw. Renal Care Grp., LLC v. WebTPA Emplr. Servs., LLC*, 2020 WL 1866436 (W.D. Wash. Mar. 26, 2020), *report and recommendation adopted*, WL 1862607 (W.D. Wash. Apr. 14, 2020). But *Inland* has no bearing here. In *Inland*, the plaintiff argued it was a third-party beneficiary of a contract between the defendant and a non-party (Contract 1). *Id.* at *1. Contract 1 expressly incorporated and attached a separate contract between the plaintiff and the non-party (Contract 2), and granted rights to the plaintiff by stating that the defendant "shall be responsible for compliance with all terms and conditions of" Contract 2. *Id.* at *7. By granting *specific, express rights to the plaintiff*, the parties overrode Contract 1's general disclaimer language. *Id.* at *7-8. Here, in sharp contrast, the BSA contains no language granting Ecom any rights under the BSA, let alone any language more specific than the express disclaimer of any third-party beneficiaries. Similarly, the other case Ecom cites, *Geier v. m-Qube-Inc.*, 824 F.3d 797, 800 (9th Cir. 2016), is inapposite because the

6

contract there did not disclaim third-party beneficiaries and, instead, expressly granted rights to the defendant, who (though not a party) was expressly referenced in the contract.

Even without the dispositive BSA disclaimer, Ecom's third-party beneficiary claim fails. "The creation of a third-party beneficiary contract requires that the parties intend that the promisor assume a *direct obligation* to the intended beneficiary at the time they enter into the contract." *Lonsdale v. Chesterfield*, 662 P.2d 385, 389 (Wash. 1983) (emphasis added) (citation omitted). Ecom cannot identify any language in the BSA under which Amazon "assume[d] a *direct obligation* to [Ecom] at the time" Amazon entered into the BSA with sellers. *Id.* (emphasis added). Ecom relies on language from the SPNA—an entirely different contract *not* referenced in or incorporated into the BSA. Ecom then relies on an isolated, otherwise-unused, defined term in the BSA, "Your Personnel," but fails to identify any language in the BSA creating any obligation to or from "Your Personnel." Resp. at 15-16. The BSA does not contain any language benefitting or obligating Ecom or any category of nonparties to which Ecom belongs.

Because the BSA expressly disclaims third-party rights, and because there is no specific language conferring such rights that could override the disclaimer, Ecom cannot be a third-party beneficiary of the BSA. Therefore, Ecom's claim for breach of the BSA fails.

### 2. Ecom Fails to Dispute That Amazon Did Not Breach the BSA.

Ecom's claim under the BSA also fails because Ecom does *not allege any breach of the BSA*. As Amazon explained in its Motion, the Court must dismiss Ecom's third-party beneficiary claim because Ecom fails to identify a single seller account at issue, allege facts supporting an assertion that Amazon's deactivation of any individual account breached the BSA, or identify a single provision of the BSA that Amazon purportedly breached. *See* Mot. at 10; Compl. ¶¶ 70-77. Ecom fails to address these issues, effectively conceding that it has failed to allege facts sufficient to sustain a claim for breach of a third-party beneficiary contract.

**D.      Ecom Cannot Save Its Claim for Consequential and Lost Profit Damages.**

Contrary to Ecom's representations, federal courts routinely grant dismissal of categories of damages at the pleading stage. *See, e.g.*, *Grandis v. BGIS Glob. Integrated Sols. US, LLC*, 2024 WL 3301200, at *4 (S.D. Fla. Apr. 26, 2024) (granting motion to dismiss certain categories of damages, including consequential damages); *De La Torre v. Wright Nat'l Flood Ins. Co.*, 2019 WL 8014548, at *2 (S.D. Fla. Sept. 20, 2019) (dismissing claims for consequential damages as barred by the relevant regulations). And Ecom's argument that the availability of consequential and lost profit damages is a fact-intensive inquiry is belied by the plain language of the relevant agreements. The SPNA provides that Amazon "will not be liable for … any direct, special, incidental, consequential, indirect, punitive, exemplary, or reliance damages (including loss of profits or cost of cover), however caused and regardless of theory of liability." SPNA § 5. The BSA precludes liability for "loss of profit, revenue, business … or consequential damages." BSA § 8.

In an attempt to create an issue of fact, Ecom argues that its lost profit damages should be categorized as actual or general damages. This argument fails. Lost profit damages are expressly barred by both the SPNA and the BSA. Thus, it is immaterial whether these alleged lost profit damages are properly categorized as consequential damages or as actual/general damages.

The cases Ecom cites do not dictate a different result. *Pace v. Platt*, 228 F. Supp. 2d 1332 (N.D. Fla. 2002), does not involve a request for dismissal of categories of damages. *Vijuve, Inc. v. Kaspien, Inc.* involves the enforceability of a consequential damages waiver as a matter of public policy—an issue not present here. 2021 WL 11669535, at *5 (E.D. Wash. Nov. 3, 2021). And *S-Evergreen Holding Corp. v. Aon Risk Insurance Services West Inc.*, 2021 WL 9239871 (W.D. Wash. Oct. 26, 2021) and *Hutchings v. Fed. Insurance Co.*, 2008 WL 4186994 (M.D. Fl. Sept. 8, 2008) involved disputes as to whether certain types of damages could be categorized as consequential damages. By contrast, here, the lost profit damages alleged by Ecom are barred by the SPNA and BSA, regardless of whether they are categorized as "consequential" damages.

### E. Ecom Should Not Be Given Leave to Amend.

Ecom's claims should be dismissed with prejudice. Ecom does not identify any additional allegations it could assert to sustain its claims for breach of contract, breach of the duty of good faith, or breach of third-party beneficiary contract. Nor could it. Ecom has no relevant rights under the SPNA and no rights at all under the BSA, and no additional facts can cure this inherent defect. Further, while Ecom vaguely asserts that it could bring one or more tort claims, it fails to identify any such specific claims or supporting facts, rendering amendment futile.

### III. CONCLUSION

For the above reasons and those set forth in Amazon's Motion, the Court should dismiss Ecom's Complaint with prejudice.

DATED: December 23, 2024

Respectfully submitted,

TOTH FUNES PA

*s/ Brian W. Toth*
Brian W. Toth
Florida Bar No. 57708
btoth@tothfunes.com
Freddy Funes
Florida Bar No. 87932
ffunes@tothfunes.com
Ingraham Building
25 Southeast Second Avenue, Suite 805
Miami, Florida 33131
(305) 717-7850

DAVIS WRIGHT TREMAINE LLP

John G. Goldmark (*pro hac vice*)
Lauren B. Rainwater (*pro hac vice*)
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
(206) 622-3150
johngoldmark@dwt.com
laurenrainwater@dwt.com

*Attorneys for Defendant Amazon.com Services LLC*