UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24084-CIV-ALTONAGA/Reid

**ECOM AUTHORITY LLC**,

      Plaintiff,
v.

**AMAZON.COM SERVICES LLC**,

      Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Amazon.com Services LLC's Motion to Dismiss for Failure to State a Claim [ECF No. 25], filed on November 21, 2024. Plaintiff, Ecom Authority LLC filed a Response [ECF No. 32], to which Defendant filed a Reply [ECF No. 37]. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff is a "full-service management company" (Compl. [ECF No. 1] ¶ 9) that serves its clients — typically "individuals or single owner entities who want to sell on [Defendant's website], but lack the time and resources needed to run an e-commerce business" (*id.* ¶ 12 (alteration added)) — by helping them run an online store on Defendant's website (*see id.* ¶ 10). Plaintiff is a member of Defendant's "Service Provider Network ('SPN')[,]" "a group of vetted third-party service providers who assist with almost every step of selling with [Defendant.]" (*Id.* ¶ 10 (alterations added)).

When Plaintiff joined the SPN, it signed Service Provider Network Agreement (the "SPNA"), which "sets forth the terms governing the relationship between [the parties] and allows

[Plaintiff] to use Amazon's trademarked logo in marketing its services." (Mot. 8 (alterations added; citation omitted); *see also* Compl. ¶¶ 50–51). Plaintiff highlights section nine of the SPNA, which states:

> Amazon grants to you a non-exclusive, non-transferable, non-assignable, non-sublicenseable, and revocable license to use the Amazon Service Provider Network logo (. . . the "Amazon Mark") once in the body of a single web page promoting your services to Amazon Sellers. All other use of the Amazon Mark is subject to our prior written approval. Upon our request, you will promptly provide us with samples of any materials using the Amazon Mark. You acknowledge and agree that you (a) will comply with the Trademark Usage Guidelines attached as Exhibit A to these terms, (b) may not use the Amazon Mark except as expressly provided in these terms, and (c) will promptly cease use of the Amazon Mark upon our request or termination of these terms. If we make any written materials available to you, you may not modify them in any way.

(Mot., Ex. 1, Decl. of John Goldmark [ECF No. 25-1], Ex. B ("SPNA") 48–59 § 9 (alteration added; emphases omitted)). According to Plaintiff, the Amazon Mark is "central to its business operations" and "serves as a clear indication that EA is a trusted, vetted service provider, recognized by Amazon as compliant with its guidelines and policies." (Compl. ¶ 51).

Plaintiff's clients sign a Business Solutions Agreement ("BSA"), an agreement between the client and Defendant, of which Plaintiff is a third-party beneficiary. (*See id.* ¶¶ 70–72; *see also* Mot. 7). The BSA provides:

> Nothing expressed or mentioned in or implied from this Agreement is intended or will be construed to give to any person other than the parties to this Agreement any legal or equitable right, remedy, or claim under or in respect to this Agreement. This Agreement and all of the representations, warranties, covenants, conditions, and provisions in this Agreement are intended to be and are for the sole and exclusive benefit of Amazon, you, and customers.

(Decl. of John Goldmark, Ex. A ("BSA") 3–47 § 13).[1]

---

[1] The Court may consider the SPNA and BSA on a motion to dismiss because "(1) the plaintiff refers to [those] documents in the complaint, (2) those documents are central to the plaintiff's claim, and (3) the documents' contents are undisputed." *Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023) (alteration added; citations and quotation marks omitted).

Beginning in March 2024, Defendant deactivated and froze the client funds of 595 of Plaintiff's clients' accounts. (*See* Compl. ¶ 18). Defendant informed Plaintiff the accounts were deactivated because they were used 'to engage in deceptive, fraudulent, or illegal activity that harms Defendant's customers, other selling partners, and Defendant's store. (*See id.* ¶ 21). Despite hiring third-party appeal specialists, Plaintiff reports its clients' accounts remain deactivated and claims the total cost of the deactivations — between held inventory and funds, fees, and the management service agreements Plaintiff has with its clients — could reach $28,643,773.00. (*See id.* ¶¶ 26–32).

Plaintiff now sues Defendant, alleging breach of contract (*see id.* ¶¶ 49–61); breach of the covenant of good faith and fair dealing (*see id.* ¶¶ 62–68); and breach of third-party beneficiary contract (*see id.* ¶¶ 69–77).[2] Defendant moves to dismiss the Complaint, arguing Plaintiff fails to state a single claim. (*See generally* Mot.).

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading withstands a motion to dismiss if it alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

---

[2] Plaintiff also brought a count for a preliminary injunction (*see* Compl. ¶¶ 78–86), which it voluntarily withdrew in response to Defendant's Motion (*see* Resp. 2 n.3).

3

at 555). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).

### III. DISCUSSION

Defendant first argues Plaintiff's breach-of-contract and breach-of-the-implied-duty-of-good-faith-and-fair-dealing claims fail because Plaintiff fails to identify a contractual term that Defendant breached. (*See* Mot. 10–13).[3] Defendant next states that Plaintiff's third-party beneficiary claim fails because Plaintiff is not a third-party beneficiary to the BSA, and Plaintiff fails to allege a breach of the BSA. (*See id.* 13–15). Finally, Defendant contends Plaintiff cannot seek consequential damages. (*See id.* 16–17). The Court addresses each argument in turn.

***Breach of Contractual Term.*** Defendant argues Plaintiff does not, and cannot, identify a provision of the SPNA that Defendant breached, so Plaintiff cannot state claims for breach of contract or breach of the implied duty of good faith and fair dealing. (*See id.* 10–13). Plaintiff insists that it alleges breaches of the introductory paragraph and section nine of the SPNA.[4] (*See* Compl. ¶¶ 52–53).

Under Washington law — which the parties agree applies (*see* Mot. 10 n.4; Resp. 3 n.4) — to state a claim for breach of contract, a plaintiff must plead "the existence of a contract, a duty imposed by that contract, breach of that duty, and that the breach proximately caused it damages." *Kinzie Advanced Polymers LLC v. Highopes LLC*, No. 24-cv-00388, 2024 WL 4803515, at *5

---

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[4] Plaintiff also argues in its Response that Defendant violated Section 3 of the SPNA (*see* Resp. 6); such statement does not appear in the Complaint, so the Court does not consider it, *see Redoak Commc'ns, Inc. v. Adm'r of Est. of Olsen*, No. 23-80008-Civ, 2024 WL 4602821, at *4 n.3 (S.D. Fla. Oct. 29, 2024) ("To the extent Plaintiff supplies new facts in [a] response to [a] motion to dismiss, these facts cannot be considered to defeat the motion to dismiss." (alterations added; citations omitted)).

(W.D. Wash. Nov. 15, 2024) (citing *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995)). Further, "[t]here is an implied duty of good faith and fair dealing in every contract." *McFerrin v. Old Republic Title, Ltd.*, No. 08-5309-Civ, 2009 WL 2045212, at *6 (W.D. Wash. July 9, 2009) (alteration added; citation omitted). This duty "is derivative, in that it applies to the performance of specific contract obligations." *Id.* (citation and quotation marks omitted). "Importantly, a violation of the duty of good faith and fair dealing does not require a breach of the underlying contract." *Silver Fern Chem., Inc. v. Lyons*, No. 23-cv-00775, 2024 WL 3994345, at *7 (W.D. Wash. Aug. 29, 2024) (citation and quotation marks omitted).

The Court declines Defendant's invitation to decide the merits of Plaintiff's breach-of-contract or breach-of-implied-duty-of-good-faith claims on a motion to dismiss. Plaintiff points to two contractual provisions it alleges Defendant breached; the Court will take these allegations as true at this stage of the case. *See Brooks*, 116 F.3d at 1369. Defendant, naturally, does not agree that it breached those provisions, but it is not the Court's present job to determine if Defendant did in fact breach the SPNA; the Court's task is to evaluate the sufficiency of Plaintiff's claims.

To the extent the parties' disagreement over the SPNA stems from contractual ambiguity, a question of fact is presented, "which of course precludes summary dismissal" on a motion to dismiss. *Walsky v. Monel, Inc.*, No. 12-23031-Civ, 2012 WL 4338868, at *3 (S.D. Fla. Sept. 20, 2012) (citations and quotation marks omitted); *see also Elbridge & Debra Stuart Fam. Found. v. Korey*, No. 16-1365-Civ, 2017 WL 387395, at *2 (W.D. Wash. Jan. 27, 2017) (citations omitted). It would thus be "improper for the district court to interpret the contract when considering the motion to dismiss." *BioHealth Med. Lab'y, Inc. v. Cigna Health & Life Ins. Co.*, 706 F. App'x 521, 524 (11th Cir. 2017); *see also Distribuidora Indus. De Calzado S.A. v. Brooks Sports Inc.*,

5

No. 18-0501-Civ, 2019 WL 2393791, at *2 (W.D. Wash. June 6, 2019) ("The Court does not evaluate the contract at issue on a motion to dismiss, for doing so would be premature." (citation and quotation marks omitted)).

Even if the contract terms are unambiguous, "proper interpretation . . . is not a matter that can be resolved on a motion to dismiss for failure to state a claim"; rather, such interpretation "is a question of law properly decided on summary judgment" or at trial. *Ben-Yishay v. Mastercraft Dev., LLC*, 553 F. Supp. 2d 1360, 1373 (S.D. Fla. 2008) (alteration added; citation omitted); *see also BNSF Ry. Co. v. Tri-City & Olympia R.R. Co. LLC*, No. 09-cv-5062, 2012 WL 12951546, at *5 (E.D. Wash. Feb. 14, 2012) ("When a contract is unambiguous and its formation is undisputed, the interpretation of the contract is a question of law that is appropriate for resolution on summary judgment." (citations omitted)). After all, "a motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case." *Ben-Yishay*, 553 F. Supp. at 1373 (citation omitted).

The Court thus finds dismissal of Plaintiff's breach-of-contract and breach-of-implied-duty-of-good-faith-and-fair-dealing claims inappropriate.

***Third-Party Beneficiary.*** Defendant next argues Plaintiff's third-party beneficiary claim must be dismissed because (1) the BSA contains a provision disclaiming any third-party beneficiaries and (2) Plaintiff fails to allege any breach of the BSA. (*See* Mot. 13–15).

The Court agrees with Defendant on its second argument; Plaintiff fails to identify a provision of the BSA that Defendant allegedly violated. This complete failure to identify *any* allegedly breached provision dooms Plaintiff's third-party beneficiary claim.[5] *See Ogorsolka v.*

---

[5] The Court does not find Defendant's first argument persuasive. Defendant seems to again ask the Court to rule on the merits of Plaintiff's claims. Under Washington law, "[t]he creation of a third-party beneficiary contract requires that the parties intend that the promisor assume a direct obligation to the intended beneficiary at the time they enter into the contract." *Lonsdale v. Chesterfield*, 662 P.2d 385, 389

*Residential Credit Sols., Inc.*, No. 14-cv-00078, 2014 WL 2860742, at *7 (W.D. Wash. June 23, 2014) ("By failing to identify which terms of the [agreement] give rise to their claims, Plaintiffs have failed to state a cognizable legal claim for . . . breach of contract[.]" (alterations added; citation omitted)); *see also Goldsmith v. Regions Bank*, No. 08-20100-Civ, 2008 WL 11332095, at *2 (S.D. Fla. Apr. 23, 2008) (same).

***Consequential Damages.*** Finally, Defendant argues that Plaintiff's request for consequential damages should be dismissed, as the SPNA expressly disclaims the right to seek consequential damages. (*See* Mot. 16–17). Plaintiff states that a request for damages is not a claim, and, in any event, the question of what constitutes a consequential damage is a question inappropriate for resolution on a motion to dismiss. (*See* Resp. 16–19). The Court agrees with Plaintiff.

First, "a request for a certain type of damages is not a 'claim' within the meaning of [] Federal Rule[] of [Civil] Procedure 8(a)(2) but is merely the relief demanded as part of a claim." *Hutchings v. Fed. Ins. Co.*, No. 08-cv-305, 2008 WL 4186994, at *1 (M.D. Fla. Sept. 8, 2008) (alterations added; citation omitted); *see also Kinzie Advanced Polymers LLC*, 2024 WL 4803515, at *6 (citations omitted); Fed. R. Civ. P. 8(a). Further, "the precise demarcation between direct and consequential damages is a question of fact[.]" *S-Evergreen Holding Corp. v. Aon Risk Ins. Servs. W. Inc.*, No. 19-1589-Civ, 2021 WL 9239871, at *4 (W.D. Wash. Oct. 26, 2021) (alteration added; citation and quotation marks omitted), *report and recommendation adopted*, No. 19-1589-

---

(Wash. 1983) (alteration added; citation omitted). "A court determines intent by construing the terms of the contract as a whole and considering the circumstances under which the contract was made." *Inland Nw. Renal Care Grp., LLC v. WebTPA Emp. Servs., LLC*, No. 19-1758-Civ, 2020 WL 1866436, at *7 (W.D. Wash. Mar. 26, 2020) (citing *Postlewait Const., Inc. v. Great Am. Ins. Cos.*, 720 P.2d 805, 807 (Wash. 1986); other citation omitted), *report and recommendation adopted*, No. 19-1758-Civ, 2020 WL 1862607 (W.D. Wash. Apr. 14, 2020)); *see also Golden v. Univ. of Miami*, 484 F. Supp. 3d 1255, 1262 (S.D. Fla. 2020). This, the Court will not do on a motion to dismiss.

Civ, 2022 WL 3636267 (W.D. Wash. Aug. 23, 2022); *see also Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1016 (11th Cir. 1987) (what makes up reasonably foreseeable damages "is a question of fact relegable to a jury" (citation omitted)).

### IV.  CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant, Amazon.com Services LLC's Motion to Dismiss for Failure to State a Claim **[ECF No. 25]** is **GRANTED in part** and **DENIED in part**. Count 3 of the Complaint is dismissed without prejudice.

**DONE AND ORDERED** in Miami, Florida, this 7th day of January, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record